UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICK GRIFFIN,

    **Plaintiff,**

v.                                        Case No. 21-CV-772

MARTIN O'MALLEY,
**Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On April 14, 2022, I granted the parties' stipulated motion to remand this case to the Administration for further proceedings, thus reversing the Social Security Commissioner's decision denying Patrick Griffin's claims for Disability Insurance Benefits and Supplemental Security Income. (Docket # 21.) The case was remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 22.) I granted Griffin's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on May 16, 2022 and awarded $7,356.32 in fees. (Docket # 25.) On remand, Griffin received a favorable decision awarding disability benefits as of July 2019. (Docket # 26-2.) The Social Security Administration issued a Notice of Award letter dated September 19, 2023 stating that Griffin was entitled to past-due benefits in the amount of $69,952.20 and that the Administration withheld $17,488.23 from his past-due benefits to pay his attorney. (*Id.* at 5.)

Griffin agreed to pay his attorney 25% of his past-due benefits award. (Docket # 26-1.) Twenty-five percent of $69,952.20 is $17,488.23. Griffin's counsel, Attorney Dana

Duncan, states that he expended 23.2 hours of attorney time litigating this appeal. (Docket # 26 at 2; Docket # 26-3.) Because the amount of attorney time spent divided by the amount of § 406(b) fees owed equates to an hourly rate of approximately $753.8/hour, Attorney Duncan instead requests an hourly rate of $550/hour for the 23.2 hours spent. This amounts to § 406(b) fees in the amount of $12,760.00. (Docket # 26 at 2.)

As stated above, Attorney Duncan was previously granted EAJA fees in the amount of $7,356.32. (Docket # 25.) "[W[hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant." *Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993). Attorney Duncan requests that the Court subtract the previously awarded EAJA award from the requested § 406(b) fees and award counsel $5,403.68 ($12,760.00-$7,356.32=$5,403.68). (Docket # 26 at 2.) The Commissioner takes no position on Attorney Duncan's request to award a "net" fee rather than requiring counsel to refund the EAJA fee previously granted; however, the Commissioner argues that the reasonableness determination of the section 406(b) fee request must be based on the full 406(b) fees sought rather than the net fee awarded after the offset. (Docket # 28 at 2–3.)

While the Commissioner takes no position on the amount of attorney's fees counsel requests, he notes that the Administration withholds a single pool of 25% of the past-due benefits to pay fees under both § 406(a) and § 406(b). (*Id.* at 2.) This is despite the Supreme Court stating that the statutory text contains separate caps on fees for each type of representation and authorizes two pools of withheld benefits. *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). The Commissioner notes that pursuant to agency policy, authorized fee

awards are paid out in the order received. (Docket # 28 at 2.) In other words, the amount available for direct payment under § 406(b) is subject to change. (*Id.*) The Commissioner contends that if the withheld benefits in its possession are insufficient to satisfy the amount of fees determined reasonable by the Court, the attorney must look to the claimant, not the past due benefits, to recover the difference. (*Id.*) Thus, the Commissioner requests that the Court specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy. (*Id.* at 2.)

Turning first to the reasonableness of the fee requested, the court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement, but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

Griffin entered into a 25% contingency fee agreement with counsel. Although 25% of the past-due benefits equals $17,488.23, counsel agrees to seek a reduced amount of $12,760.00. Thus, counsel has met the "one boundary line" of requesting a fee that does not

3

exceed 25% of the past-due benefits.

However, within the 25% boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 23.2 hours of attorney work spent in this case. (Docket # 27.) Attorney Duncan argues that he is an experienced attorney who has been litigating SSA law for the past twenty-five years. (*Id.* at 10.) He further argues that he achieved a favorable result for Griffin, including more than four years of additional backpay and Medicaid benefits eligibility since July 2021. (*Id.* at 8.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Griffin, who was awarded disability benefits and was awarded back benefits of $69,952.90. I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $ 12,760.00 for 23.2 hours of work equates to an hourly fee of $550.00/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving an hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (approving an hourly rate of $666 per hour).

Turning next to Attorney Duncan's request for payment, he asks that rather than him refunding the $7,356.32 in EAJA fees to Griffin, he requests that the amount be refunded directly by the SSA so that counsel need not issue a form 1099 to pay Griffin. Attorney Duncan argues that if Griffin does not file taxes, the "potential exists" that counsel will be taxed on the amount. (Docket # 27 at 14.)

4

The netting method—whereby the court offsets the prior EAJA award instead of ordering that the attorney refund the award to the claimant—is "disfavored in light of the Savings Provision's language that anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (internal quotations omitted). It is within the court's discretion whether to employ the netting method as requested by counsel or to require that counsel refund the EAJA award directly. *Id*. Counsel argues that if the netting method is not used, he *may* have to pay taxes on the amount *if* Griffin does not file taxes. Counsel's argument rests on two contingencies that may not occur. Given the Seventh Circuit's guidance in *O'Donnell*, I decline to utilize the netting method in considering counsel's request for § 406(b) fees.

Turning last to the Commissioner's request that the Order contain specific language stating that the § 406(b) fee is to be paid out of Plaintiff's past-due benefits in accordance with agency policy, I do not find it necessary to add such language. The Commissioner fears a situation where the "pool" of fees the Administration withheld is depleted by other fee awards, thus leaving an insufficient amount to pay the § 406(b) fee approved. But the Court is tasked with determining the reasonableness of the § 406(b) fee, not to interfere with Griffin's contractual obligations. Griffin agreed to pay counsel 25% percent of his past due benefits and "Social Security Act fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016). Thus, it is unnecessary to add this extra language to the Order.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 26) is **GRANTED**. Attorney Dana Duncan is awarded fees in the amount of $12,760.00

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Duncan is directed to refund $7,356.32, representing fees that were previously awarded under the EAJA, directly to Griffin.

Dated at Milwaukee, Wisconsin this 12th day of April, 2024.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge